FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

10 JAN -4 PM 3: 33

VICTORIA MEANS; TONIA MATNEY; )
STEPHEN HUMMEL; and )
MARGARET HUMMEL, )
    Plaintiffs, )
     )
    vs. )    Case No. 3:10C 003
     )
ST. JOSEPH COUNTY BOARD )
OF COMMISSIONERS; ST. JOSEPH COUNTY )
SUPERIOR COURT; CITY OF SOUTH BEND; )
    Defendants. )

## COMPLAINT WITH JURY DEMAND

### NATURE OF THE CASE

1. This is a civil action to vindicate rights guaranteed by Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. sec.12131 et seq. (ADA) with implementing rules; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. sec. 794 (Section 504) with implementing rules; the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States; and Article I, Sections 12 and 23 of the Constitution of the State of Indiana. Plaintiffs are individuals with disabilities who challenge:

    (a) the inaccessibility of the St. Joseph County Courthouse, located at 101 S. Main Street, South Bend, IN;

    (b) the inaccessibility of the Mishawaka County Services Building, located at 219 Lincolnway West, Mishawaka, IN; and

1

(c) the failure of the Defendant St. Joseph County Board of Commissioners and the Defendant St. Joseph Superior Court to provide public services to individuals with disabilities as required by federal and state laws.

Plaintiffs seek relief in the form of damages, a declaratory judgment, preliminary and permanent injunctions, and the appointment by this Court of a special master who will:

(a) oversee implementation of this Court's injunctions;

(b) audit budgetary expenditures of the Defendants to ensure that public funds are devoted to and expended only on compliance with this Court's injunctions;

(c) determine in a report to this Court if the longstanding violations by the Defendants require a case by case assessment of the injuries caused to individuals with disabilities other than to the Plaintiffs herein; and

(d) monitor any compliance plan instituted by this Court.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. sec. 1331, this Court has subject matter over this action because the claims presented arise under federal statutory and constitutional provisions. Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction of the claims presented under Indiana state law because those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue of this action lies in the South Bend Division of the United States District Court for the Northern District of Indiana because the claims arose principally in St. Joseph County, Indiana.

## PARTIES

4. Plaintiff Victoria Means is an adult woman residing in St. Joseph County who is an individual with a disability in that she uses a wheelchair because of having significant limitations to major life activities as defined by the ADA and provided in 42 U.S.C. 12101.

5. Plaintiff Tonia Matney is an adult woman residing in St. Joseph County who is an individual with a disability in that she has limited vision and uses a wheelchair because of having significant limitations to major life activities as defined by the ADA and provided in 42 U.S.C. 12101.

6. Both Plaintiffs Victoria Means and Tonia Matney have been sued in the Small Claims Division of the St. Joseph Superior Court and seek transfer of the case to the plenary docket of the St. Joseph Superior Court. Their case is *Dunedin Apts. v. Matney and Means*, Cause No. 71D01-0911-SC-11358.

7. Plaintiff Stephen Hummel is an adult man residing in St. Joseph County who is an individual with a disability as a result of a stroke, which limits both his physical mobility and his thinking processes with the result that he has significant limitations to major life activities, as defined by the ADA and provided in 42 U.S.C. 12101.

8. Plaintiff Margaret Hummel is an adult woman residing in St. Joseph County and is the wife of Plaintiff Stephen Hummel. Her physical stamina and ability to walk are limited, with the result that she has significant limitations to major life activities as defined by the ADA and provided in 42 U.S.C. 12101.

9. Plaintiffs Stephen Hummel and Margaret Hummel are Defendants/Counterplaintiffs in a case pending before the St. Joseph Superior Court, *Hollywood Mobile Home Park v. Hummel*, Civil Plenary Case No. 71D04-0604-PL-00135.

10. All Plaintiffs are "otherwise qualified individuals with a disability" as defined by Title II of the ADA, 42 U.S.C. sec. 12131, et seq. and Section 504, 29 U.S.C. sec. 794 because they are entitled to have access to and use the services of the St. Joseph Superior Court, where they have been sued and where they are seeking to defend and assert their legal rights pertaining to the lawsuits pending tin the St. Joseph Superior Court.

11. Plaintiff Margaret Hummel sues also because of her association with her husband and co-litigant Stephen Hummel, as permitted by 42 U.S.C. sec 12112 (b) (4), in that the discrimination alleged against Defendants arises not only from her own disability but also from the disability of her husband.

12. Plaintiffs Victoria Means and Tonia Matney also sue because of their association with each other, as permitted by 42 U.S.C. sec 12112 (b) (4), in that the discrimination alleged against Defendants arises not only from each Plaintiff's own disability but also from the disability of her sister.

13. All Plaintiffs also sue because they are represented by Attorney Kent Hull, undersigned counsel, because of their association with him, as permitted by 42 U.S.C. sec 12112 (b) (4), in that the discrimination alleged against Defendants arises not only from each Plaintiff's own disability but also from the disability of Attorney Hull, who is an otherwise qualified individual with a disability in that he uses a wheelchair because of significant limitations to a major life activity (walking and mobility).

14. Defendant St. Joseph County Board of Commissioners is the executive branch of the government of St. Joseph County, IN and administers funds received by the County from all sources, including the federal government and the State of Indiana. The Board has responsibilities of setting and exercising oversight of the budget of the St. Joseph Superior Court.

The Board is responsible for maintenance of the St. Joseph Superior Court physical facilities in the St. Joseph County Courthouse and the Mishawaka County Services Building. The Board, on information and belief, is responsible for planning, maintaining, and overseeing parking in the parking lot located at the Mishawaka County Services Building.

15. Defendant St. Joseph County Board of Commissioners is a "public service" within the meaning of Title II of the ADA; a "recipient of federal financial assistance" within the meaning of Section 504; and a "person" within the meaning of 42 U.S.C. sec. 1983.

16. Defendant City of South Bend is a municipal corporation. It is responsible for planning, maintaining, and overseeing parking on city streets and parking garages in the vicinity of the St. Joseph County Courthouse.

17. Defendant City of South Bend, IN is a "public service" within the meaning of Title II of the ADA; a "recipient of federal financial assistance" within the meaning of Section 504; and a "person" within the meaning of 42 U.S.C. sec. 1983.

18. Defendant St. Joseph Superior Court is a trial court established to exercise original jurisdiction in civil and criminal matters in St. Joseph County, IN. The St. Joseph Superior Court has subject matter jurisdiction of the cases in which Plaintiffs are litigants and in which Attorney Hull represents Plaintiffs. Defendant St. Joseph Superior Court is a "public service" within the meaning of Title II of the ADA; a "recipient of federal financial assistance" within the meaning of Section 504; and a "person" within the meaning of 42 U.S.C. sec. 1983.

19. Plaintiffs name the St. Joseph Superior Court as a Defendant herein based upon the decision in *Galloway v. Superior Court of District of Columbia.* 816 F. Supp. 12 (D.D.C. 1993).

## Facts

20. Plaintiffs have been, or are threatened to be, denied or impeded in their access to, the services of, the St. Joseph Superior Court by reason of their disabilities in the following ways:

(a) The Courthouse and the Mishawaka County Services Building do not comply with federal rules, guidelines, and professional design standards to ensure access to public facilities for individuals using wheelchairs;

(b) The lack of accessibility is evident in, but not limited to, the following parts of the Courthouse and Mishawaka County Services Building:

   (1) the restrooms, both for the public and jurors;
   (2) the elevator at the Courthouse, which is decrepit and dangerous;
   (3) the witness stands;
   (4) the jury boxes;
   (5) the jury deliberation rooms;
   (6) the speaking podiums for attorneys or pro se litigants addressing the Court;
   (7) the seating arrangements for spectators;
   (8) the steep angles of ingress and egress in the Courthouse tunnel and the south public entrance to the Mishawaka County Services Building;
   (9) the counters used by the Clerks; and
   (10) the water fountains.

21. Accessible parking for individuals with disabilities driving to conduct business in the Courthouse in South Bend, for which the City of South Bend is responsible, is not sufficiently plentiful and is located at great distances from the Courthouse, resulting in barriers which prevent or impede access to the Superior Court, especially in inclement weather.

22. Accessible parking for individuals with disabilities driving to conduct business in the Mishawaka County Services Building. For which the Board of Commissioners is responsible, is not sufficiently plentiful and requires entry through a dangerous slope and surface at the south public door, resulting in barriers which prevent or impede access to the St. Joseph Superior Court, especially in inclement weather. The parking lot surface has deteriorated, with uneven

surface areas, and requires crossing through a vehicle travel lane in which persons with mobility or visual disabilities are endangered. The conditions in the parking lot present an additional barrier to individuals with disabilities.

23. On information and belief, Defendants Board of Commissioners and St. Joseph Superior Court have no services to assist litigants who are blind or have visual disabilities. These litigants must rely upon attorneys or companions to navigate through the St. Joseph Superior Court system, both in terms of physical movement and in terms of participating in Superior Court proceedings.

24. Defendants, despite having been informed of many of the problems listed above, have taken no action to remedy those problems. Plaintiffs, therefore, infer and allege that Defendants have acted with intent in failing to remedy the violations.

25. Plaintiffs, and their attorney, need access to the St. Joseph Superior Court to assert Plaintiffs' rights in the lawsuits pending against Plaintiffs.

## Equity

26. Plaintiffs are without an adequate remedy at law in that the correction of the violations alleged will require direct oversight by this Court and the issuance of specific directives for required action, together with monitoring by this Court of compliance with injunctions. Plaintiffs seek damages, but that compensatory relief is not sufficient to remedy the violations of law alleged. There is an actual controversy between Plaintiffs and Defendants justifying a declaratory judgment under 28 U.S.C. sec. 2201.

## **Causes of Action**

27. As a First Claim, all Defendants have violated Title II of the ADA, 42 U.S.C. sec. 12131, et seq., together with implementing rules, in that their intentional actions and intentional failure to act have denied, and threaten to deny, Plaintiffs access to the public services of the Defendant St Joseph Superior Court.

28. As a Second Claim, all Defendants have violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794, together with implementing rules, in that their intentional actions and intentional failure to act have denied, and threaten to deny, Plaintiffs access to the public services of the St. Joseph Superior Court

29. As a Third Claim, Defendants, acting under color of state law, have violated the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, manifested in 42 U.S.C. sec. 1983, by their intentional actions and their intentional failure to act, which have denied, and threaten to deny, Plaintiffs access to the public services of the Defendant St. Joseph Superior Court.

30. As a Fourth Claim, Defendants have violated Article I, sec. 12 of the Constitution of the State of Indiana, in that, by their intentional actions and their intentional failure to act, they have denied Plaintiffs access to open courts as guaranteed by the Constitution.

31. As a Fifth Claim, Defendants have violated Article I, sec. 23 of the Constitution of the State of Indiana, in that by their intentional actions and their intentional failure to act, they have denied Plaintiffs equal privileges and immunities as guaranteed by the Constitution.

## **Relief**

32. Plaintiffs request that this Court:

(A) Issue a declaratory judgment setting forth the respective rights and obligations of the parties;

(B) Issue, upon notice and hearing, preliminary and permanent injunctions preventing further violations of the statutes, rules and constitutional provisions specified as Causes of Action;

(C) Exercise supplementary jurisdiction and adjudicate Plaintiffs' claims under Indiana law;

(D) Award to Plaintiffs compensatory damages for violations of the ADA and Section 504, as well as both compensatory and exemplary damages under the Fourteenth Amendment and the state law claims, all in amounts determined by this Court to be adequate for the injuries sustained or threatened;

(E) Appoint a Special Master to oversee implementation of this Court's injunctions, with explicit authority to review necessary construction changes and associated budgetary actions by the Defendants with periodic reports submitted to the Court on progress and to perform the functions specified in paragraph 1 of this Complaint, with the fees and costs charged and incurred by the Special Master to be paid by Defendants as those amounts are apportioned by this Court; and

(F) Grant such other relief as may be necessary and appropriate.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiffs

_____
Kent Hull
Attorney No.: 8580-71
401 E. Colfax Avenue, Suite 116
South Bend, IN  46617
(574) 234-8121